GEORGE DENT, RESPONDENT, v. BUTTERWORTH-JUDSON
CORPORATION, APPELLANT.

Submitted December 5, 1921—Decided February 9, 1922.

On appeal from the Supreme Court, in which the following
*per curiam* was filed:

"The writ of *certiorari* in this case brings up for review the
determination and rule for judgment, entered in the Essex
County Court of Common Pleas, in a workmen's compensa-
tion case. The defendant, George Dent, on March 11th,
1918, while working for the prosecutor, was injured by the
bursting of a siphon containing picric acid, resulting in a
facial disfigurement of black scars, keloids or claws, and the
complete destruction of the sight of the left eye, which before
the accident was almost gone, but usesful in making out out-
lines close at hand. The case was originally tried before the
workmen's compensation bureau; from that determination
the prosecutor appealed to the Court of Common Pleas of
Essex county. The workmen's compensation bureau awarded
compensation for an injury partial in character and perma-
nent in quality, equivalent to fifteen per cent. of total disa-
bility or sixty weeks, at $10 per week, equal to $600 and $65
attorney's fees and costs of the proceedings.

"The Essex County Court of Common Pleas awarded com-
pensation for an injury partial in character and permanent
in quality, equivalent to twenty per cent. of total disability,
or eighty weeks, at $10 per week, equal to $800—a counsel
fee of $215 and costs of $24.89.

"The prosecutor contends that the award should be for ten
weeks' compensation for the ten per cent. loss of the use of
the eye affected by the accident and nothing should be
allowed for the disfigurement caused by the spattering of the
acid on the head and face of the defendant.

"The seven reasons set down by the prosecutor for the re-
versal of the judgment entered in the Court of Common

Pleas seem to cover only this point, *i. e.*, error in the court's finding, that there was a decreased salability of the defendant's labor; however, all the reasons are argued in the prosecutor's brief under one head, viz., there was no legal proof that there has been any decrease in the salability of defendant's labor. It would serve no useful purpose to recite the facts as shown in the record. It is sufficient for us to say that the findings of the Common Pleas Court of Essex county are amply supported by the facts; that we are satisfied with the judgment entered in that court as a correct application of the statute to the facts.

"Finding no error in the record, the judgment entered in the Essex County Court of Common Pleas is affirmed, with costs."

For the appellant, *Kalisch & Kalisch*.

For the respondent, *John V. Laddey*.

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion of the Supreme Court.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, BERGEN, MINTURN, KALISCH, KATZENBACH, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 11.

*For reversal*—None.